IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CHRISTOPHER LEE PRINCE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:13-0057 |
| SHERIFF JIMMY BROWN, LT. DAN KELLUM, SGT. JAMIE MAHAR, TINA CAMPBELL, TRINITY FOOD SUPPLY, AND LAWRENCE COUNTY SHERIFF'S DEPARTMENT, | ) Chief Judge Haynes |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff Christopher Lee Prince, a prisoner at the Lawrence County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Sheriff Jimmy Brown, Lieutenant Dan Kellum, Sargent Jamie Hahar, Tina Campbell, Trinity Food Supply and the Lawrence County Sheriff's Department. Plaintiff asserts claims based upon his injuries due to the lack of adequate food at the Lawrence County Jail. Plaintiff also filed his application to proceed *in forma pauperis* (Docket Entry No. 2).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper lacks the trust account statement normally required to be submitted with a prisoner's application to proceed as a pauper. 28 U.S.C. § 1915(a)(2). Plaintiff's application, however, includes the notarized signature of a jail official attesting that Plaintiff has the sum of $0 on account to his credit at the Maury County Jail. In addition, the Court takes judicial notice that the Maury County Jail typically does

not provide trust fund account statements. From his submissions, the Court concludes that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance and his application (Docket Entry No. 2) should be granted. Under 28 U.S.C. § 1915(b), Plaintiff remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments.

For prisoner actions, 28 U.S.C. § 1915A, requires a district court "to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." § 1915A(b)(1); see also § 1915(e)(2). Dismissals for failure to state a claim under § 1915(e)(2) and § 1915A are governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pro se complaint are construed liberally, *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), and the Court must "accept[ ] as true all nonconclusory allegations in the complaint." *Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012) (internal quotation marks omitted).

To state a claim under § 1983, Plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). In his complaint, Plaintiff alleges that the Defendants as a matter of policy and individual acts in their official capacity have been deliberately indifferent to Plaintiff's nutritional needs and to ensure adequate nutrition.

Plaintiff alleges that he lost 55 pounds during his eight months of confinement at the Lawrence County Jail, and estimates the daily caloric intake of the inmates there to be approximately 1900.

As a general proposition, an inmate's rights under the Eighth Amendment are violated when government entities or officials are deliberately indifferent to the inmate's medical needs or safety. *Estelle v. Gamble*, 429 U.S. 97, 104 (1916). Thus, "[d]epriving an inmate of food or serving him contaminated food states a claim for a violation of the Eighth Amendment." *Thompson v. Mich. Dep't of Corrs.*, No. 99-2076, 2000 WL 1597844, at *2 (6th Cir. Oct. 20, 2000). *Cf. Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment."); *Ramos v. Lamm*, 639 F.2d 559, 570–71 (10th Cir. 1980) (holding that prisoners must be provided with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to [their] health and well being" when they consume it).

Based on these precedents, the Court concludes that Plaintiff states colorable claims under § 1983 against the jail officials in their official capacities for violation of his rights under the Eighth Amendment, given his allegations of lack of adequate and nutritious food and significant weight loss while at the Lawrence County Jail. Because Defendant Trinity Food Supply has a contract to provide food services at this jail, the Defendant Trinity is also subject to liability under § 1983. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (noting that a challenged activity may be state action "when it is entwined with governmental policies or when government is entwined in [its] management or control" (internal quotation omitted)).

The sheriff's department, such as the Lawrence County Sheriff's Department is not itself a separate legal entity that can be sued under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]" (citation omitted)). Yet, the Court construes the complaint to assert a claim against Lawrence County that governs the jail, and is an entity that is a "person" that may be sued under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Court will also allow Plaintiff's claim to proceed against Lawrence County.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 27th day of June, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court